**INTERCONTINENTAL PLACEMENT SERVICE, INC., Appellant,**

v.

**Honorable George P. SHULTZ, Secretary of Labor**

**and**

**Honorable John N. Mitchell, Attorney General of the United States Justice Department.**

**No. 71–1657.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) May 23, 1972.

Decided June 6, 1972.

James J. Orlow, Orlow & Orlow, Philadelphia, Pa., for appellant.

Henry E. Petersen, Robert L. Teagan, Dept. of Justice, Washington, D. C., for appellee.

Before STALEY, ALDISERT and HUNTER, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Appellant employment agency has appealed from a dismissal of a complaint in mandamus against the Secretary of Labor alleging an improper promulgation of a regulation under the Immigration and Nationality Act, 8 U.S.C. § 1182(a) (14). It contends that no advance notice was made prior to a temporary suspension of a pre-certification list reflecting certain aspects of the American labor market. We do not meet the substantive issue because we agree with the district court that appellant lacked standing.

Appellant was incorporated on January 6, 1970, and was licensed in Pennsyl-

vania to do business as an employment agency on February 5, 1970. It locates employment positions in America for entering aliens and obtains its fee when actual placement for an individual alien is achieved with a specific employer. The day after the agency was licensed, the Secretary suspended temporarily Schedule C, the pre-certification list, which had been previously promulgated under § 1182(a) (14), permitting admission to this country of aliens only if the Secretary has determined that (a) there is a specific labor shortage of a given skill at the place to which the alien is destined and (b) that the alien's employment will not adversely affect the wages and working conditions of workers in the United States similarly employed. Schedule C is a listing of those occupations which may be in short supply in some areas, but not nationally.

In affirming his dismissal of the complaint, we adopt the reasoning of Chief Judge Joseph S. Lord, III:

> We have concluded that plaintiff lacks standing to bring the action. The test of standing that we must follow was set forth in [Assn of] Data Processing Service v. Camp, 397 U.S. 150, 152 [90 S.Ct. 827, 25 L.Ed.2d 184] (1970). There the Court ruled that the question of standing:
>
> > " * * * concerns, apart from the 'case' or 'controversy' test, the question whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question. * * * "
>
> One interest which the 1965 amendments to the Immigration and Nationality Act sought to protect was that of potential immigrants by the removal of the discriminatory nationality quota system. . . .

By this section [§ 1182(a)] Congress was obviously directing its efforts to the protection, through regulation, of the national economy and our existing work force. Congressman Celler, in explaining the impact of the bill pointed out that the bill provides for "regulatory discretion which resides in the Secretary of Labor in imposing conditions to keep out immigrants who would take the work away from Americans or depress wages and working conditions." (111 Cong.Rec.H. 21758).

It is clear from the statute and its legislative history that Congress never intended to, and did not, confer any protection to the zone of interest of which plaintiff is a part, namely, employment agencies. There is a surface appeal to plaintiff's argument that it has a direct interest in the Secretary's procedures, since its business is affected by them. However, the question is not whether plaintiff has an interest. It is, rather, whether the statute was intended to protect that interest. Here, we think it clearly was not. Since it was not, plaintiff lacks standing to question either the substantive propriety or the procedural propriety of action taken pursuant to the statute.

The judgment of the district court will be affirmed.